NATIONAL BRICK & SUPPLY COM-
PANY, Inc., a corporation,
et al., Appellants,

v.

William E. BAYLOR et al., Trustees of
Mount Joy Baptist Church, Appellees.

Abraham GRUNSTEIN, Abraham Fix,
and Louis Nadelman, Partners, t/a Co-
lumbia Building Products Company,
Appellants,

v.

William E. BAYLOR et al., Trustees of
Mount Joy Baptist Church, Appellees.

Nos. 16338, 16339.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 23, 1961.

Decided Feb. 1, 1962.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., and Blaine P. Friedlander, Washington, D. C., were on the brief for appellant National Brick & Supply Co., Inc., in No. 16338, argued for all appellants in both cases.

Mr. George H. Windsor, Washington, D. C., with whom Mr. George E. C. Hayes, Washington, D. C., was on the brief, for appellees.

Mr. George Greenberg, Washington, D. C., was on the brief for appellants in No. 16339.

Mr. Dexter M. Kohn, Washington, D. C., was on the brief for appellant Hudson Supply & Equipment Co., in No. 16338.

Before EDGERTON, BAZELON and BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

Areawide Building Corporation contracted with appellees, the trustees of Mount Joy Baptist Church, to make alterations and additions to the church building, payment to be made in installments as the work progressed. Areawide abandoned the work after several payments had been made. Article 10 of the contract provided: "Should the Contractor neglect to prosecute the work properly, or fail to perform any provision of the contract, the Owner, after seven days' written notice to the Contractor, may, without prejudice to any other remedy he may have, * * * terminate the contract and take possession of all ma-

terials, tools, and appliances and finish the work by such means as he sees fit, and if the unpaid balance of the contract price exceeds the expense of finishing the work, such excess shall be paid to the Contractor * * *." Not long after the church learned that Areawide had abandoned the work, the church exercised its right to terminate the contract.

Appellants are subcontractors suing to enforce mechanic's liens. They filed these liens within three months after Areawide abandoned the work and are entitled to share in any sums the church may owe Areawide, the prime contractor. D.C.Code § 38–103 (1961). The District Court ruled that the church's expense of finishing the work exceeded the balance due from the church to the prime contractor and therefore appellants could not enforce their liens.

After Areawide abandoned the work, but before the church learned that fact and terminated the contract, one Bortolussi, a subcontractor trading as Washington Heating & Plumbing Company, who had nearly completed his work and received most of his pay, filed a mechanic's lien [1] for the value of radiation equipment in place. He afterwards removed the equipment.[2]

■ The removal was tortious. Bortolussi was chargeable with notice of the terms of the contract between Areawide and the church.[3] That contract cannot be thought to authorize either the contractor or a subcontractor to remove and not replace materials, particularly when, as in this case, the "trim-draw" progress payment had been made in reliance on the presence of the equipment. By filing a lien,[4] Bortolussi recognized the church's superior right to immediate possession.[5] He testified that he removed the equipment with Areawide's permission. But this is not here material, because Areawide could not bind the church.

■ The church was entitled to require Bortolussi to replace what he had wrongfully removed or pay damages. Instead of demanding that he do so, the church made a new contract with him by which it undertook to pay him and did pay him for replacing the equipment.[6] There is no showing that he was insolvent or that, for any reason, the church could not have enforced its rights against him if it had tried to do so. In the absence of some such showing, the amount that the church paid Bortolussi for doing what he was already bound to do should not be regarded as a part, because it was not a reasonably necessary part, of "the expense of finishing the work". The church is therefore not entitled, as against the appellant lien holders, to deduct the amount in question from the unpaid balance due from the church to Areawide. It results that there is a balance in which appellants are entitled to share. D.C.Code § 38–106 makes it the owner's duty to retain for subcontractors

---

1. He later released this lien. He afterwards filed a second lien which the District Court found untimely. No appeal was taken from that decision.

2. The equipment seems to have been subject to a conditional sales contract between Bortolussi and his supplier.

3. D.C.Code § 38–107 (1961) entitles subcontractors to demand from the owner a statement of the terms of the prime contract. "The subcontractor should acquaint himself with the terms and conditions of the building contract. * * * In the absence of anything to the contrary, we must assume that the plaintiff possessed this information." Winter v. Hazen-Latimer Co., 42 App.D.C. 469, 474 (1914).

4. D.C.Code § 38–101 (1961).

5. Cf. Carey v. Cyr, 150 Me. 405, 113 A.2d 614 (1955); Van Winkle v. Crowell, 146 U.S. 42, 50–51, 13 S.Ct. 18, 36 L.Ed. 880 (1892).

6. The District Court said "This contract was not for work which had already been performed * * *." But this is contradicted by the court's earlier finding that "Bartolussi removed certain materials, some of which had been installed, from the job site" and by the record. The new contract was to finish the job, which involved not only new work but also replacing the materials which had been installed and afterwards removed.

who have filed liens, payments that become due to the contractor. Under the lien law, appellant subcontractors are entitled to the benefit of the contract between Areawide and the church. Cf. Riggs Fire Ins. Co. v. Shedd, 16 App.D.C. 150, 158 (1900).

█ The District Court rightly held that the lienors were not entitled to satisfy their liens out of sums which the church paid Areawide before the liens were filed and before the church learned that Areawide had abandoned the contract.

The judgment is vacated and the case remanded to the District Court for further proceedings consistent with this opinion.

Vacated and remanded.

BASTIAN, Circuit Judge (dissenting).

I dissent for the reasons stated in the memorandum opinion filed by District Judge Sirica. As it has not been published, I attach a copy of the memorandum opinion as an appendix.

## APPENDIX
## MEMORANDUM

These are complaints to enforce mechanic's liens brought under Title 38, § 101, et seq. of the D.C.Code (1951 Ed.), for materials and labor furnished to defendant-Trustees of the Mount Joy Baptist Church, 514–518 Fourth Street, S. E., District of Columbia. The Actions were consolidated for trial by order dated December 13, 1960.

Plaintiff Columbia Building Products Company's asserted lien is in the amount of $1,197.39. Plaintiff National Brick and Supply Company's asserted lien is in the amount of $1,920.78. Plaintiff-intervenor Hudson Supply & Equipment Company's asserted lien is in the amount of $913.37. Plaintiff Hugo Bartolussi's asserted lien is in the amount of $1,-570.00. All plaintiffs, except Hugo Bartolussi, fully complied with the statutory requirements concerning the filing of mechanic's liens.

In the summer of 1958, defendant-trustees contracted with Areawide Building Corporation (hereinafter referred to as Areawide), as prime contractor, for certain alterations and additions to the Mount Joy Baptist Church property. The price agreed upon by the parties for this work was $48,500.00. Thereafter, Areawide, as prime contractor on the project, entered into contracts with the plaintiffs herein as subcontractors for the furnishing and installation of certain materials.

At the time of entering into the principal contract, defendant-trustees obtained a loan in the amount of $48,500.00 from Perpetual Building Association (the "stakeholder" herein). Payments to Areawide on account of the contract price were made by check from Perpetual issued to the defendant-trustees, which were then endorsed to the order of Areawide by the defendant-trustees.

During the fall of 1958, certain payments were made by the prime contractor Areawide, to its subcontractors, the plaintiffs herein, for work and materials furnished. On December 20, 1958, Areawide ceased work on the project. Plaintiff Hugo Bartolussi continued the plumbing work. (The other plaintiff-subcontractors had completed their work by this time.) On December 29, 1958, the inspector employed by Perpetual Building Association certified to his employer that the work had proceeded up to what is known in the building trade as the "trim-draw". Under the progress payment terms of the contract, Perpetual thus authorized a payment of $9,700.00 to Areawide. At this point, a total of $38,800.00 had been paid to Areawide in progress payments under the terms of the original contract. At the time of this last payment to Areawide (January 8, 1959), all plaintiff-subcontractors except Bartolussi had sums due and owing from Areawide in the amount of their asserted liens herein.

In early January, 1959, plaintiff Bartolussi removed certain materials, some of which had been installed, from the job site. At a meeting of the plaintiff Bartolussi, defendant-Trustees and Areawide at the Perpetual Building Association, these parties considered plaintiff Bartolussi's offer to proceed with the heating and plumbing work on the site upon payment of $4,500.00 as per letter of January 13, 1959. Such agreement was made. A lien filed by plaintiff Bartolussi on January 16, 1959 in the amount of $4,375.00 was released.

On February 10, 1959, plaintiff Hudson Supply Company filed its lien. On January 28, 1959, plaintiff Columbia Building Products Company filed its lien and on March 4, 1959, plaintiff National Brick and Supply Company filed its lien. On March 11, 1959, plaintiff Bartolussi contracted with defendant-trustees for plumbing and heating work on the premises for a total contract price of $6,390.00. On June 13, 1959, defendant-trustees entered into a contract with Jacob Addo & Co. for carpentry and other work on said premises for a contract price of $3,450.00. The congregation of Mount Joy Baptist Church used the new addition throughout the fall and winter of 1959–1960, enjoying for all practical purposes the full use and benefit thereof. On August 12, 1960, plaintiff Bartolussi filed the lien asserted herein based on the unpaid balance of the March 11, 1959 contract. From May 1, 1960 to June 15, 1960, plaintiff Bartolussi spent a total of 23 hours (including shop and travel time) on the project, for an average of 32/7 hours per week. This work consisted in the main of "checking" and "inspecting" the heating and plumbing system which he had installed. Under the provisions of the District of Columbia Code § 38–102, a mechanic's lien must be filed "within three months after the completion of [such] improvements * * " et seq. Plaintiff Bartolussi served a notice of completion on defendant-trustees on June 21, 1960 by letter, which if correct in fact would have placed his lien within the statutory period. However, the Court must consider the facts and not plaintiff's statement to determine the time of completion. The plumbing and heating work on this project was completed so as to give the Mount Joy Baptist Church the full use and enjoyment and benefit thereof by the late fall months of 1959. A final inspection of this work by the District of Columbia authorities was made in October, 1959. The 23 hours recorded by plaintiff Bartolussi in the spring of 1960 on the project were concerned with minor repairs, "checking" and inspection of the system, a not unusual procedure after the installation and short term use of a new system. Plaintiff Bartolussi's complaint, therefore, fails for failure to timely file his lien within three months following completion of the work involved.

There remains to be considered the mechanic's liens filed by the remaining plaintiffs. It is their contention that the January 8, 1959, payment of $9,700.00 to Areawide was made after knowledge (1) of an Areawide abandonment of the project, (2) of an Areawide inability to pay the plaintiff-subcontractors and that defendant-trustees acted in bad faith in making such payment. It is further contended that the work called for in defendant-trustees' contract of March 11, 1959 with Bartolussi was not necessary for the completion of the prime contract, as it had already been performed by Bartolussi. Up to the date of January 13, 1959 as far as the church was concerned, Areawide had progressed as far as it could on the job. The church had been advised at the meeting at Perpetual that no further work could be done by Areawide until the plumbing was completed. Further, the church was advised then that Areawide was not in financial difficulty and had no knowledge of the identity of the plaintiff-subcontractors.

Before signing the March 11, 1959 contract with plaintiff Bartolussi, the church had consulted several contractors who refused to complete the plumbing and heating work because of trade "ethics" involved in Bartolussi's prior

work on the project and the fact that certain liens had been filed. The defendant-trustees exercised their right to complete the work after abandonment by the original prime contractor. The Court finds no bad faith on the part of defendant-trustees toward plaintiff-subcontractors arising out of their negotiations and contract with plaintiff Bartolussi in the spring of 1959. This contract was not for work which had already been performed and was necessary and reasonable to complete the terms of the original Areawide contract.

Further, the payment of $9,700.00 to Areawide on January 8, 1959 was in good faith, without knowledge of any prior interests of plaintiff-subcontractors, because of the certification by the inspector for Perpetual, the representations made by Areawide to the church, and the lack of any recorded liens. The defendant-trustees, exercising their right to complete the work necessary under the original contract, received several bids ranging from $6,000.00 to $12,000.00 for the remaining carpentry work. The contract of the church with Addo and Co. was reasonable and necessary to complete the work specified in the terms of the original contract with Areawide. The contracts with Bartolussi and Addo and Co., in the total sum of $9,840.00, are in excess of the amount due the prime contractor under the original contract. Under Article 10 of the prime contract with Areawide, the owner, upon breach by the prime contractor, may have the work completed and deduct the cost thereof from the payments then or thereafter due the contractor. Accordingly, under the District of Columbia Code, § 38–104, the liens of plaintiffs National Brick & Supply Company, Columbia Building Products Company and Hudson Supply & Equipment Company are unenforceable, the original contractor Areawide being entitled to nothing.

This memorandum will constitute the Findings of Fact and Conclusions of Law. Counsel for defendants will submit an appropriate order.