324 F.2d 892
 117 U.S.App.D.C. 14
 NATIONAL BRICK & SUPPLY COMPANY, Inc., and Hudson Supply &
Equipment Company, Appellants,
v.
William E. BAYLOR et al., Trustees, Mt. Joy Baptist Church,
Appellees.
Abraham GRUNSTEIN et al., Partners, t/a Columbia Building
Products Company, Appellants,
v.
William E. BAYLOR et al., Trustees, Mt. Joy Baptist Church, Appellees.
 Nos. 17760, 17761.
 United States Court of Appeals District of Columbia Circuit.
 Argued Oct. 29, 1963.
Decided Nov. 14, 1963.
 
 Mr. Mark P. Friedlander, Jr., Washington, D.C., with whom Messrs. Mark P. Friedlander and Blaine P. Friedlander, Washington, D.C., were on the brief for appellant National Brick & Supply Co. Inc., in No. 17,760, argued for all appellants.
 Mr. George H. Windsor, Washington, D.C., with whom Mr. George E. C. Hayes, Washington, D.C., was on the brief, for appellees.
 Mr. Dexter M. Kohn, Washington, D.C., was on the brief for Hudson Supply & Equipment Co., appellant in No. 17,760.
 Mr. George Greenberg, Washington, D.C., was on the brief for Columbia Building Products Co., appellant in No. 17,761.
 Mr. David S. Scrivener, Washington, D.C., entered an appearance for appellees, Scrivener and Crowell.
 Before PRETTYMAN, Senior Circuit Judge, and WILBUR K. MILLER and BURGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these cases the appellants, whe were subcontractors on a construction project which was abandoned by the prime contractor before completion, seek to enforce mechanic's liens upon the alleged balance of the contract price which remained unexpended after the owner had completed the work, as permitted by 38-104, D.C.Code (1961). These cases are here for the second time. Reference is made to our opinion on the first appeal for a statement of the facts and issues.[1]
 
 
 2
 The owner claimed that, in finishing the work after the prime contractor abandoned it, it had been necessary to expend more than the unpaid balance of the contract price at the time of abandonment, as a result of which there was no fund in which the subcontractors were entitled to share. The latter claimed that the owner had erroneously included in its computation the sum of $4,375 allegedly paid to another subcontractor for replacing equipment he had previously furnished and installed, but later had tortiously removed; that, with that amount eliminated, there was more than enough left in the owner's hands to satisfy their liens which aggregated about $4,000.
 
 
 3
 We held, inter alia, that any amount paid the wrongdoing subcontractor for doing what he was already bound to do could not be regarded as a part of the expense of finishing the work. On remand, the District Court had the task of determining the amount, if any, paid by the owner to the wrongdoer. After hearing evidence the court held that the amount so paid was $800 instead of $4,375 as claimed by the appellants; and that, as a result, the unexpended portion of the contract price in which the claiming subcontractors are entitled to share ratably is $660. Judgment having been entered accordingly, the lienholders again appeal.
 
 
 4
 Although there was conflict in the evidence, it contained support for the findings of the trial judge and therefore we cannot say the findings are clearly erroneous. Hence the judgment appealed from must be upheld.
 
 
 5
 Affirmed.
 
 
 
 [1]
 National Brick & Supply Co. v. Baylor, 112 U.S.App.D.C. 73, 299 F.2d 454 (1962)